1 | P a g e

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TELISHA J. OLIGE,

    Plaintiff,

v.

CITY OF PLANTATION, and JORDAN WOODSIDE, individually and in his capacity as a City of Plantation Police Officer,

    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff TELISHA J. OLIGE ("Ms. Olige" or "Plaintiff") sues the CITY OF PLANTATION (the "City") and JORDAN WOODSIDE ("Officer Woodside") and states:

## INTRODUCTION

1. This is a civil rights action on behalf of Ms. Olige whose rights under the Fourth Amendment to the United States Constitution were violated by Officer Woodside, an officer of the City of Plantation Police Department, while Officer Woodside was operating under color of authority for the City. Officer Woodside used excessive force against Ms. Olige, falsely arrested and falsely imprisoned Ms. Olige.

2. Ms. Olige seeks redress for the violations of her rights, privileges, and immunities as guaranteed by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and the laws of Florida.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a).

1 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

4. Supplemental jurisdiction over Ms. Olige's additional state law claims is proper pursuant to 28 U.S.C. §1367(a) because they are inextricably related to Ms. Olige's federal claims.

5. Venue in this District is proper under 28 U.S.C. § 1391(b) because all of the events and omissions complained of took place in the Southern District of Florida.

6. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution.

**PARTIES**

7. Ms. Olige is a citizen of the United States, a resident of the State of Florida, of African American descent, and *sui juris*.

8. The City is a municipality duly incorporated and existing under the laws of the State of Florida. The City established and maintains the Plantation Police Department ("PPD"), as a constituent department or agency. The City is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the City and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

9. At all times material, Officer Woodside was an employee of the City and employed by the City as a police officer with the PPD (#91822). At all times material, Officer Woodside was an employee and a sworn law enforcement officer of the PPD. Officer Woodside is being sued in his individual capacity. At all times material, Officer Woodside was acting as an agent and employee of the City and was acting under the color of state law.

10. In connection with the acts, practices and violations alleged below, Officer Woodside, while acting within the course and scope of his employment with the City, and under color of law, directly violated Ms. Olige's clearly established constitutional rights as well as violated statutory and common law duties owed to Ms. Olige.

2 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

## BACKGROUND AND GENERAL ALLEGATIONS

11. In this Background and General Allegations section, Ms. Olige provides the general substance of certain factual allegations. Ms. Olige does not intend that this section provide, in exact detail or necessarily in chronological order, any or all allegations. Ms. Olige intends that this section merely provide the City and Officer Woodside fair notice of the general nature and substance of her allegations.

12. On October 22, 2018, just after 10:00 p.m., Ms. Olige was driving through Plantation with her 6-year old daughter. As she drove west on Broward Blvd., Ms. Olige noticed a police car following her but thought nothing of it as she had nothing to hide or be concerned with.

13. Ms. Olige stopped at a red light, and Officer Woodside pulled up alongside her vehicle. Officer Woodside then put on his lights and pulled over Ms. Olige's vehicle stating that he has seen her throw something from her vehicle 10 blocks back and was stopping her for littering.

14. Ms. Olige explained that she had her windows completely closed for the entire drive and could not have thrown anything out of a closed window.

15. Officer Woodside did not like being questioned by this innocent young black female and immediately ordered Ms. Olige to get out of the car. Officer Woodside yanked Ms. Olige out of her car, grabbing her by the arm and pushing her against her vehicle.

16. By this time, backup officers had arrived, including one female PPD officer. Instead of asking the female officer to pat down Ms. Olige, Officer Woodside did it himself and began rubbing Ms. Olige's breasts as well as the inside of her upper thighs.

17. Shocked, scared, and horrified at the blatant sexual assault, Ms. Olige protested and requested that the female officer on scene search her person. Officer Woodside then aggressively

3 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

pushed Ms. Olige toward the female officer.

18. Without cause, suspicion, or consent, Officer Woodside began searching Ms. Olige's vehicle. Ms. Olige's 6-year old daughter was made to sit there in shock and terror.

19. Ms. Olige begged Officer Woodside to allow her 6-year old daughter to be able to stand beside her, but once again, Officer Woodside denied her request.

20. Again, all of this over an alleged act of littering.

21. Seeking some justification for his illegal search and seizure, Officer Woodside claimed he smelled marijuana. However, despite an extensive search of Ms. Olige and her vehicle, he was unable to find any trace of marijuana. This is because Ms. Olige had not been smoking marijuana and it was a complete fabrication by Officer Woodside in attempt to justify his illegal actions.

22. Ultimately, Officer Woodside cited Ms. Olige for failure to drive in a single lane.

### COUNT I
### FOURTH AMENDMENT - 42 U.S.C. § 1983
### (Ms. Olige against Officer Woodside)

23. Ms. Olige incorporates paragraphs 1 through 22 as if fully set forth herein.

24. At all times material, Ms. Olige had a constitutionally protected right to be free from unreasonable searches and seizures or from being subjected to a seizure or arrest without probable cause and maintained the right to be free from unlawful assault, protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

25. On October 22, 2018, Officer Woodside unlawfully detained and deprived Ms. Olige of her liberty, against Ms. Olige's will, and without legal authority.

26. At no point in time did Officer Woodside have any reasonable or articulable suspicion, let alone probable cause, that would support a constitutional seizure or arrest of Ms.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

Olige.

27. On October 22, 2018, without any reasonable or articulable suspicion, and without probable cause, Officer Woodside caused Ms. Olige to be detained, arrested, and searched, all of which were in violation of clearly established law.

28. At all times material, any reasonably competent officer having a reasonable degree of training and expertise should have known that there was no constitutional or legally justifiable basis to stop and search Ms. Olige.

29. At all times material, it was a clearly established violation of Ms. Olige's constitutional right to be free from unreasonable searches and seizures to be subjected to a search and arrest, when no reasonable or articulable suspicion or probable cause of any criminal activity existed to seize or arrest Ms. Olige.

30. At all times material, Officer Woodside, in arresting Ms. Olige concealed, suppressed, omitted and mischaracterized material facts, statements, and otherwise evidence, of which Officer Woodside had knowledge, in violation of Ms. Olige's rights of due process.

31. At all times material, Officer Woodside did knowingly, or with reckless disregard for the truth, prepare, caused to be prepared, or participated in the preparation of, an intentionally false and misleading report to support his unconstitutional arrest and search of Ms. Olige.

32. At all times material, any reasonably competent law enforcement officer with adequate training should have known that the actions being taken, with respect to the siezure and search of Ms. Olige were improper and likely to result in the violation of the constitutional rights of Ms. Olige.

33. On October 22, 2018, Officer Woodside intended to cause, and did cause, offensive contact with, and unconsented touching of, the body of Ms. Olige, while acting under the color of

5 | Page

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

law.

34. At all times material, it would have been readily apparent to a reasonably competent and trained police officer, having due regard for Ms. Olige's constitutional rights, that the use of physical force employed against Ms. Olige, without her offering any physical threat or resistance, was unjustified, unwarranted, and otherwise a violation of clearly established law and Ms. Olige's constitutional rights.

35. As a direct and proximate result of the seizure, search, assault, and battery, Ms. Olige has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff TELISHA J. OLIGE, respectfully, seeks entry of final judgment against Defendants JORDAN WOODSIDE for compensatory and punitive damages, as well as, costs, and attorney fees and such other relief that the Court deems just and proper.

## *COUNT II*
### State Law Torts
### (Ms. Olige against Officer Woodside)

36. Ms. Olige incorporates paragraphs 1 through 22 as if fully set forth herein.

37. This is an action, under the common law of the State of Florida, for battery, assault, and false imprisonment. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

38. On or about October 22, 2018, Officer Woodside caused Ms. Olige to be detained, searched, and deprived Ms. Olige of her liberty, against her will and without legal authority to do so, despite her desires to leave. Officer Woodside's actions of causing Ms. Olige to be seized and searched were unreasonable and unwarranted under the circumstances, and were against Ms. Olige's will, and without legal authority.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

7 | P a g e

39. Officer Woodside, acting in the course and scope of his employment as a full time Police Officer for PPD, did intentionally touch, batter, and strike Ms. Olige against her will, without her permission, and in a harmful and/or offensive manner.

40. Ms. Olige was offensively touched, battered and stricken beyond the degree inherent in ordinary incidents of arrest and the touching was not incident to any lawful arrest.

41. That at said time and place, Ms. Olige was subjected to unwanted physical contact due to Officer Woodside's actions.

42. As a direct and proximate result of the battery, assault, and false imprisonment, Ms. Olige has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Ms. Olige will suffer such losses in the future.

43. Ms. Olige has complied with all conditions precedent pursuant to Fla. Stat. 768.28 prior to filing this action.

**WHEREFORE** Plaintiff, TELISHA J. OLIGE, seeks entry of final judgment against Defendant, JORDAN WOODSIDE, for compensatory and punitive damages, as well as, costs, and such other relief that the Court deems just and proper.

### COUNT III
### State Law Torts
### (Ms. Olige against The City)

44. Ms. Olige incorporates paragraphs 1 through 22 as if fully set forth herein.

45. On or about October 22, 2018, Officer Woodside, acting in the course and scope of his employment as a police officer for the City, and with malice, bad faith or wanton or willful disregard for the safety of Ms. Olige's well-being, caused her to be falsely detained and searched.

46. Officers Woodside deprived Ms. Olige of her liberty, against her will and without

7 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

legal authority to do so, despite her desires to leave. Officers Woodside's actions of causing Ms. Olige to be detained and searched were unreasonable and unwarranted under the circumstances, and were against Ms. Olige's will, and without legal authority.

47. The City is responsible for Officers Woodside's actions in that the battery, assault, and false imprisonment were intentional and were committed within the course and scope of Officer Woodside's employment with PPD, such that the doctrine of *respondeat superior* applies to this action. "Under Florida law, an employee acts within the scope of his employment 'if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master. *Lozada v. Hobby Lobby Stores, Inc.*, 702 Fed. Appx. 904, 909 (11th Cir. 2017)(internal citations omitted).

48. As a direct and proximate result of the above torts, Ms. Olige has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Ms. Olige will suffer such losses in the future.

49. Ms. Olige has complied with all conditions precedent pursuant to Fla. Stat. 768.28[1] prior to filing this action.

**WHEREFORE** Plaintiff, TELISHA J. OLIGE, seeks entry of final judgment against Defendant, CITY OF PLANTATION, for compensatory and punitive damages, as well as, costs, and such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, TELISHA J. OLIGE, hereby demands a trial by jury of all issues so triable.

---

[1] The "argument that bad faith is inherent in Plaintiff's claim against the County for false arrest and imprisonment—and that the claim must therefore be dismissed under § 768.28(9)—is without merit. *Vega v. Enamorado,* 2007 WL 9702731, at fn. 9 (S.D. Fla. 2007)(Ungaro, J.)

8 | Page

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

## VERIFICATION

I, TELISHA J. OLIGE, have reviewed this Complaint. I have personal knowledge as to the facts concerning myself in the Complaint, and I know or believe them to be true. As to the allegations of which I do not have personal knowledge, I believe them to be true based on information and belief.

_____
Telisha J. Olige

DATED: May 20, 2019

Respectfully Submitted,

_____
Yechezkel Rodal, Esq.
Florida Bar No. 91210
E-mail:chezky@rodallaw.com
RODAL LAW, P.A.
5300 N.W. 33rd Ave., Suite 219
Fort Lauderdale, Florida 33309
Phone: (954) 367-5308
Fax:    (954) 900-1208

*COUNSEL FOR PLAINTIFF*

9 | Page

Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219 • Ft. Lauderdale, Florida 33309 • Telephone (954) 367-5308 • Facsimile (954) 900-1208
www.Rodallaw.com