UNITED STATES DISTRICT COURT
CASE NO.:  0:19-CV-61272-RAR

TELISHA J. OLIGE,

    Plaintiff,

vs.

CITY OF PLANTATION, and
JORDAN WOODSIDE, individually and
in his capacity as a City of Plantation
Police Officer,

    Defendants.
_____/

## DEFENDANT, JORDAN WOODSIDE'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, JORDAN WOODSIDE, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Southern District of Florida Local Rules, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint, and states:

### INTRODUCTION

1. Defendant denies the allegations in Paragraph one (1) of Complaint and demands strict proof thereof.

2. Defendant denies the allegations in Paragraph two (2) of the Complaint and demands strict proof thereof.

### JURISDICTION AND VENUE

3. Defendant admits that jurisdiction is proper.

4. Defendant denies the allegations in Paragraph four (4) of the Complaint and demands strict proof thereof.

5.	Defendant admits only that venue is proper. Defendant denies the remainder of the allegations in Paragraph five (5) of the Complaint and demands strict proof thereof.

6.	Based upon reasonable investigation, the allegations contained in Paragraph six (6) of the Complaint are unknown to this Defendant, therefore, they are denied. The Defendant demands strict proof thereof.

## PARTIES

7.	Based upon reasonable investigation, the allegations contained in Paragraph seven (7) of the Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

8.	Based upon reasonable investigation, the allegations contained in Paragraph eight (8) of the Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

9.	Defendant admits the allegations in Paragraph nine (9) of the Complaint.

10.	Defendant denies the allegations in Paragraph ten (10) of the Complaint and demands strict proof thereof.

## BACKGROUND AND GENERAL ALLEGATIONS

11.	Defendant denies the allegations in Paragraph eleven (11) of the Complaint and demands strict proof thereof.

12.	Defendant denies the allegations in Paragraph twelve (12) of the Complaint and demands strict proof thereof.

13.	Defendant denies the allegations in Paragraph thirteen (13) of the Complaint and demands strict proof thereof.

14. Defendant denies the allegations in Paragraph fourteen (14) of the Complaint and demands strict proof thereof.

15. Defendant denies the allegations in Paragraph fifteen (15) of the Complaint and demands strict proof thereof.

16. Defendant denies the allegations in Paragraph sixteen (16) of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph seventeen (17) of the Complaint and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph eighteen (18) of the Complaint and demands strict proof thereof.

19. Defendant denies the allegations in Paragraph nineteen (19) of the Complaint and demands strict proof thereof.

20. Defendant denies the allegations in Paragraph twenty (20) of the Complaint and demands strict proof thereof.

21. Defendant denies the allegations in Paragraph twenty-one (21) of the Complaint and demands strict proof thereof.

22. Defendant denies the allegations in Paragraph twenty-two (22) of the Complaint and demands strict proof thereof.

## *COUNT I*
## **FOURTH AMENDMENT – 42 U.S.C. § 1983**
## **(Ms. Olige against Officer Woodside)**

23. Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through twenty-two (22) of the Complaint. Defendant denies each and every allegation to the

extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

24.     Defendant denies the allegations in Paragraph twenty-four (24) of the Complaint and demands strict proof thereof.

25.     Defendant denies the allegations in Paragraph twenty-five (25) of the Complaint and demands strict proof thereof.

26.     Defendant denies the allegations in Paragraph twenty-six (26) of the Complaint and demands strict proof thereof.

27.     Defendant denies the allegations in Paragraph twenty-seven (27) of the Complaint and demands strict proof thereof.

28.     Defendant denies the allegations in Paragraph twenty-eight (28) of the Complaint and demands strict proof thereof.

29.     Defendant denies the allegations in Paragraph twenty-nine (29) of the Complaint and demands strict proof thereof.

30.     Defendant denies the allegations in Paragraph thirty (30) of the Complaint and demands strict proof thereof.

31.     Defendant denies the allegations in Paragraph thirty-one (31) of the Complaint and demands strict proof thereof.

32.     Defendant denies the allegations in Paragraph thirty-two (32) of the Complaint and demands strict proof thereof.

33.     Defendant denies the allegations in Paragraph thirty-three (33) of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations in Paragraph thirty-four (34) of the Complaint and demands strict proof thereof.

35. Defendant denies the allegations in Paragraph thirty-five (35) of the Complaint and demands strict proof thereof.

## *COUNT II*
## **State Law Torts**
## **(Ms. Olige against Officer Woodside)**

36. Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through twenty-two (22) of the Complaint that the Plaintiff incorporates in Paragarph 36 unmder the caption "Count II – State Law Tort (Ms. Olige against Officer Woodside). The defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof.

37. Defendant denies the allegations in Paragraph thirty-seven (37) of the Complaint and demands strict proof thereof.

38. Defendant denies the allegations in Paragraph thirty-eight (38) of the Complaint and demands strict proof thereof.

39. Defendant denies the allegations in Paragraph thirty-nine (39) of the Complaint and demands strict proof thereof.

40. Defendant denies the allegations in Paragraph forty (40) of the Complaint and demands strict proof thereof.

41. Defendant denies the allegations in Paragraph forty-one (41) of the Complaint and demands strict proof thereof.

42. Defendant denies the allegations in Paragraph forty-two (42) of the Complaint and demands strict proof thereof.

43. Defendant denies the allegations in Paragraph forty-three (43) of the Complaint and demands strict proof thereof.

## COUNT III
## State Law Torts
## (Ms. Olige against The City)

44-49. The allegations contained in Count III of the Complaint are not directed toward this Defendant. Therefore, no response is required. However, to the extent these allegations may be construed against Defendant Woodside, Defendant denies the allegations in Paragraphs forty-four (44) through forty-nine (49) of the Complaint and demands strict proof thereof.

## GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Complaint to the extent not previously admitted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

As a first affirmative defense, the Defendant asserts that he is entitled to all the rights, privileges, and immunities, including limits on liability, sovereign immunity limits, and attorney's fees, through provisions set forth in § 768.28, Florida Statutes.

### *Second Affirmative Defense*

As a second affirmative defense, the Defendant asserts that he is entitled to a setoff of all payments paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the incident alleged in the Complaint, in accordance with Florida Statutes.

### *Third Affirmative Defense*

As a third affirmative defense, the Defendant asserts that he did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for human rights,

safety, or property with regard to the incident at issue.

### *Fourth Affirmative Defense*

As a fourth affirmative defense, Defendant asserts that any physical contact with Plaintiff was for legitimate law enforcement purposes and any force or contact was reasonable under the circumstances to ensure officer safety.

### *Fifth Affirmative Defense*

As a fifth affirmative defense, Defendant asserts that Plaintiff's own conduct was the sole and proximate legal cause of any and all damages allegedly incurred by Plaintiff. Defendant did not commit any act which was the legal, direct, or proximate cause of the damages related to Plaintiff.

### *Sixth Affirmative Defense*

As a sixth affirmative defense, Defendant asserts that Plaintiff was in fact guilty of the offense charges, notwithstanding any favorable termination of any underlying proceedings.

### *Seventh Affirmative Defense*

As a seventh affirmative defense, Defendant asserts that the arrest and/or detention of the Plaintiff was based upon probable cause and/or arguable probable cause. Moreover, the Defendant had a reasonable basis and/or had probable cause to arrest or detain the Plaintiff based on the Defendant's knowledge and observations at the time of the incident alleged.

### *Eighth Affirmative Defense*

As an eighth affirmative defense, the Defendant asserts that qualified immunity applies. The Defendant states that his actions were reasonable, proper, legal, and taken pursuant to state law and the United States Constitution. Furthermore, the acts complained of occurred within the scope of the Defendant's official duties, and the Defendant had no knowledge that said acts were

illegal or unconstitutional nor did said acts clearly violate Plaintiff's rights at the time they were committed.

### *Ninth Affirmative Defense*

As a ninth affirmative defense, Defendant asserts that the Complaint fails to state a cause of action upon which relief may be granted.

### **JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

I HEREBY CERTIFY that on this 25th day of June, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> MARRERO & WYDLER
> *Attorneys for Defendant, Woodside*
> 2600 Douglas Road, PH-4
> Coral Gables, FL 33134
> (305) 446-5528
> (305) 446-0995 (fax)
>
> BY __/s/  Oscar E. Marrero_____
>     OSCAR E. MARRERO
>     F.B.N.:  372714
>     oem@marrerolegal.com
>     LOURDES E. WYDLER
>     F.B.N.:  719811
>     lew@marrerolegal.com
>     ALEXANDRA C. HAYES
>     F.B.:  109482
>     ach@marrerolegal.com

*Olige v. City of Plantation, et al.*
*District Court Case No.: 0:19-CV-61272-RAR*
*Page 9*

## SERVICE LIST

Yechezkel "Chezky" Rodal, Esq.
FBN: 91210
Rodal Law PA
5300 NW. 33rd Avenue, Suite 219
Ft. Lauderdale, FL 33309
(954) 367-5308
(954) 900-1208 (fax)
chezky@rodallaw.com
*Counsel for Plaintiff.*

E. Bruce Johnson, Esq.
FBN: 262137
johnson@jambg.com
Christopher J. Stearns, Esq.
FBN: 557870
stearns@jambg.com
JOHNSON ANSELMO MURDOCH
BURKE PIPER & HOCHMAN
2455 E. Sunrise Blvd., Suite 1000
Ft. Lauderdale, FL 33304
(954) 463-0100
(954) 463-2444 fax
young@jambg.com
blouin@jambg.com
*Counsel for Defendant, City of Plantation.*